**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2817
_____

ERIC S. WEISS,
                                        Appellant

v.

DEBORAH POSNER; BERT POSNER; SHIRLEY POSNER; TRACEY BAUER;
FRANK LAROCCA; RON CARLIN; ROTEM PEREZ; WATCHUNG PEDIATRICS;
DR. BONITA GUILLARD; DR. ANDREA KATZ; DR. SUSAN BARASH;
BERNARDSVILLE BOE; DR. GRETCHEN DEMPSEY; DR. SCOTT NEIGEL;
ANNA SOSLEY; BEDMINSTER BOE; KRISTEN DECKERT; THERESA MULLEN;
MATT PLATKIN, Attorney General on behalf of the State of New Jersey;
JUDGE THOMAS WALSH; CHIEF JUSTICE STUART RABNER;
CHRISTINE M. VANEK; JUDGE RONALD SUSSWEIN;
JUDGE HEIDI W. CURRIER; DOES 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:24-cv-09659)
District Judge:  Honorable Georgette Castner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: August 5, 2026)

———————

OPINION[*]

———————

PER CURIAM

Eric Weiss appeals from the District Court's orders denying his motion for injunctive relief and his motion for reconsideration. For the following reasons, we will affirm.

In 2024, Weiss brought suit against the Attorney General of New Jersey, various New Jersey state court judges, and his ex-wife and her family, among others, alleging a conspiracy to deprive him of his parental, constitutional, civil, and property rights. The claims stemmed from state court child custody proceedings. In June 2025, as part of his federal suit, Weiss filed a "Motion to Vacate Unconstitutional State Court Orders and Request for Injunctive Relief" ("motion to vacate"). ECF No. 85. He sought to vacate parenting time and child support orders issued by the New Jersey Superior Court, which he alleged were obtained without proper notice and a hearing, in violation of his due process rights. He argued that the due process violations were ongoing, that state court remedies were inadequate, and that a preliminary injunction was needed to prevent irreparable harm. Weiss later filed a letter requesting an urgent ruling on his motion to vacate or, in the alternative, a temporary restraining order (TRO) to enjoin enforcement of the state court orders pending a ruling on his motion.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

The District Court construed the motion and letter together as a motion for a TRO, and denied it, determining that Weiss' claims for injunctive relief were barred by either the *Rooker-Feldman*[1] or *Younger*[2] abstention doctrine. Weiss then filed a "Motion for a Temporary Restraining Order," which the District Court construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and denied. This timely appeal followed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1292(a).[3] "We review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." *See Kos Pharm.*, 369 F.3d at 708 (internal quotation marks and citation omitted). We review the denial of a motion for reconsideration for abuse of discretion. *See Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015).

To obtain a preliminary injunction, Weiss had to show: "(1) a likelihood of success on the merits; (2) that [he would] suffer irreparable harm if the injunction [was]

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

[2] *See Younger v. Harris*, 401 U.S. 37, 43 (1971).

[3] We have jurisdiction even though Weiss stated in his letter-motion that he alternatively sought a TRO, and the District Court purported to deny a TRO. In substance, the District Court considered and denied a motion for a preliminary injunction because the relief that Weiss sought was not temporary. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 392 (3d Cir. 2006) (recognizing that a motion for a preliminary injunction is generally "designed to accord or protect 'some or all of the substantive relief sought by the complaint' in more than a [temporary] fashion" (citation omitted)).

denied; (3) that granting preliminary relief [would] not result in even greater harm to the nonmoving party; and (4) that the public interest favor[ed] such relief." *Kos Pharm.,* 369 F.3d at 708. The first two factors are critical and must be satisfied before a court can proceed to balancing all four factors. *See Del. State Sportsman's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024). Weiss did not make this requisite showing.

We agree with the District Court that Weiss did not show a likelihood of success on the merits of the claims that were the basis for the motion to vacate because they appear barred by the *Rooker-Feldman* doctrine. That doctrine precludes federal consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Weiss essentially argued that he "lost" on the issues of parenting time and child support as a result of the state courts' orders. He claimed that enforcement of the support order, which he argued was predicated on the parenting time order, "has resulted in severe and irreparable harm, including threats of incarceration, driver's license suspension, damage to [his] business and credit, housing instability, and inability to travel to care for elderly parents." ECF No. 85-1 at 19. And Weiss explicitly sought to vacate the state court's parenting time and child-support orders, arguing that they are void and unconstitutional and should not be enforced. *See id.* at 12. It thus appears that *Rooker-Feldman* bars his claims for injunctive relief. *See T.M. v. Univ. of Md. Med. Sys. Corp.*, No. 25-197, 608 U.S. --, -- S.

4

Ct. --, 2026 WL 1751823, at *7 (U.S. June 18, 2026) (clarifying that the *Rooker-Feldman* doctrine "recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments").

Weiss argues on appeal that *Rooker-Feldman* does not apply because his injury stems from "the unconstitutional process, not the judgments." Appellant's Br. at 6. While *Rooker-Feldman* does not bar a case in which a plaintiff presents an "independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party," *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010), it does not appear that Weiss sought preliminary relief on an independent claim in his motion to vacate. *Cf. id.* (concluding that *Rooker-Feldman* did not bar a claim that the Pennsylvania judiciary colluded with the defendants to predetermine the outcome of the case because the collusion, not the state-court decision, was the source of the injury); *Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011) (recognizing that a decision that challenges a statute or rule governing a decision, rather than the decision itself, is not barred by *Rooker-Feldman*).[4]

---

[4] Weiss claimed that the orders were obtained in violation of due process because, inter alia, (1) the trial court denied him notice and an opportunity to be heard, relied on hearsay statements, denied him transcripts and other evidence, and legally erred, and (2) the appeals court's disregarded the record, and its decision was "factually and legally unsupported" and based on a "false claim" that Weiss had had a hearing and "fabricated facts" that both children expressed "feeling unsafe." ECF No. 85-1 at 15-26, 31-34. These claims present proper issues for appellate review, and would require the District Court to review the legal and factual basis of the state courts' decisions. As such, the injuries are traceable to the state court decisions.

5

We also reject Weiss' argument that the state court orders are not final, and, therefore, that *Rooker-Feldman* does not apply. He appealed the parenting time and support orders, which were entered in 2018 and 2019 respectively, the New Jersey Superior Court affirmed, and the New Jersey Supreme Court denied certiorari. *See Posner v. Weiss*, No. A-0955-22, 2024 WL 2827952 (N.J. Super. Ct., App. Div. June 4, 2024), *cert denied*, 344 A.3d 333 (N.J. 2025) (Table). Moreover, *Rooker-Feldman* applies "to federal cases in which plaintiffs seek review of state-court judgments, regardless of whether those judgments are final trial-court judgments or those of a State's highest court." *T.M.,* 2026 WL 1751823, at *9.[5]

Weiss also cannot show that he would be irreparably harmed absent an injunction, where more than six years have passed since the parenting time and support orders were entered, and his children are now adults. Therefore, the District Court did not abuse its discretion in denying the motion for a preliminary injunction and the motion for reconsideration.

Based on the foregoing, we will affirm the District Court's judgment.

---

[5] We note that, to the extent that Weiss alleged any conduct that is not covered by *Rooker-Feldman*, he is not likely to succeed on those claims, which appear barred by judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (recognizing that judges are immune from suit for all judicial actions except those taken in the "clear absence of all jurisdiction").

6